**The below described is SIGNED.**



**Dated: April 4, 2014**

/s/ J T Marker

**JOEL T. MARKER**
**U.S. Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>BRENT A. NELSON,<br><br>                                  Debtor. | Case No. 13-27789<br><br><br><br>Chapter 7 |
| CLIVE INGRAM, an individual and as Trustee for and on behalf of the Pamela J. Ingram Family Protection Trust; PAMELA J. INGRAM FAMILY PROTECTION TRUST; *and* CANTERBURY PARK ASSOCIATES, LLC,<br><br>                                  Plaintiffs,<br><br>v.<br><br>BRENT A. NELSON,<br><br>                                  Defendant. | Adv. No. 13-2478<br><br><br><br>Judge Joel T. Marker |

**MEMORANDUM DECISION**

The genesis of this lawsuit lies in a business relationship forged nearly a decade and a half ago. According to the Plaintiffs' complaint, Clive Ingram and Brent Nelson formed Canterbury Park Associates, LLC in 2000. The Plaintiffs allege that, over the course of the

1

succeeding years, Nelson took a number of unauthorized actions as a member of Canterbury, including indebting Canterbury on a loan, making payments out of Canterbury's funds, and loaning money from Canterbury to corporate entities he owned on terms favorable to those entities. Matters came to a head when the Plaintiffs filed a complaint against Nelson and other defendants in Utah state court.

Nelson filed a voluntary petition under chapter 7 of the Bankruptcy Code on July 9, 2013. The meeting of creditors was scheduled for August 21, 2013, requiring complaints objecting to Nelson's discharge or to the dischargeability of particular debts to be filed by October 21, 2013.[1] On that date, Nelson filed an *Ex Parte* Motion to Defer Discharge, which requested that the Court defer his discharge until November 20, 2013 because he had not obtained all of the reaffirmations contemplated in his Statement of Intentions. The Court granted the motion the same day.

Also on October 21, the Plaintiffs filed a document entitled Objections to Discharge,[2] which resembles a complaint alleging causes of action under 11 U.S.C. § 523(a)(2) and (a)(4) and § 727(a)(4)(C).[3] The document is sparse, however, and is nothing more than a formulaic recitation of the elements of a cause of action under those Code sections. It does refer, however, to a complaint filed in state court, which "more specifically" sets forth the claims, but that state court complaint was not attached to the Objections to Discharge or provided to the Court at that time. On November 7, Nelson filed a response to the Objections to Discharge, arguing that the Plaintiffs could not seek relief under § 523 or § 727 through motion, but had to file an adversary proceeding.

---

[1] *See* FED. R. BANKR. P. 4004(a) and 4007(c). Sixty days from August 21 was October 20, which fell on a Sunday, extending the deadline until October 21. *See* FED. R. BANKR. P. 9006(a)(1)(C).
[2] Docket No. 23 in Case No. 13-27789.
[3] All future statutory references are to Title 11 of the United States Code unless otherwise indicated.

The Court conducted a hearing on the Objections to Discharge on November 20, at which time the Court ruled that it was (1) treating the Objections to Discharge as a complaint; (2) treating Nelson's response as a motion for a more definite statement; (3) requiring the Plaintiffs to file an amended complaint in an adversary proceeding by December 4; and (4) dismissing the § 727 claim. The Court's ruling was without prejudice to Nelson filing a motion to dismiss challenging the timeliness of the complaint. The Court entered an order to that effect on December 3. In compliance with the Court's order, the Plaintiffs commenced the present adversary proceeding by filing a complaint on December 4.

Nelson subsequently moved to dismiss the adversary complaint because it was untimely, did not satisfy the relation back doctrine, failed to state a claim upon which relief can be granted, and because the Court lacked subject-matter jurisdiction over the majority of the claims. Nelson also moved to strike portions of the adversary complaint as redundant or immaterial. After the Plaintiffs filed an objection and Nelson filed a reply, the Court conducted a hearing on Nelson's motion on March 4, 2014 and took the matter under advisement. The Court has carefully considered the briefs and arguments of counsel and has conducted an independent review of applicable law. The Court now issues the following Memorandum Decision granting Nelson's motion to dismiss.

## I.     JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157. This proceeding concerns the dischargeability of particular debts and is therefore a core proceeding under 28 U.S.C. § 157(b)(2)(I). Notice of the hearing was properly given, and venue is appropriately laid in this District under 28 U.S.C. § 1409.

## II.        DISCUSSION

### A.        *Timeliness of the Adversary Proceeding*

Nelson first argues that the adversary proceeding must be dismissed because it was not timely commenced under Federal Rule of Bankruptcy Procedure 4004(a). Nelson notes that the adversary proceeding was commenced on December 4, which was after the October 21 deadline to file a complaint objecting to Nelson's discharge, and after the extended deadline to defer discharge, which was November 20. In response, the Plaintiffs argue that the Court expressly treated the Objections to Discharge as a complaint and gave leave to file an amended complaint in an adversary proceeding by December 4.[4]

Nelson is correct that the initial deadline under Rule 4004(a) to file a denial of discharge complaint was October 21.[5] But Nelson mistakenly emphasizes the commencement of the adversary proceeding on December 4 and overlooks the import of the Court's ruling at the November 20 hearing. The Court deemed the Plaintiffs' Objections to Discharge to be a complaint and, since it was filed on October 21, it met the initial 60-day deadline.

Nelson's emphasis on the untimeliness of the adversary proceeding is misplaced for two reasons. First, Rules 4004(a) and 4007(c) speak of the time to file complaints, not the time to commence adversary proceedings. While complaints under § 523 and § 727 will typically be

---

[4] The Plaintiffs also argue that the adversary proceeding was timely commenced because the Court treated the Objections to Discharge as a motion to extend the time to object to discharge and granted that motion. That contention is not supported by the Court's ruling on November 20 or the order entered on December 3. In any event, motions to enlarge time are generally governed by Rule 9006(b), except where other rules control. Rules 4004(a) and 4007(c) are two such rules that provide for enlargement of time "only to the extent and under the conditions stated" therein. FED. R. BANKR. P. 9006(b)(3). Those two rules provide that a court may enlarge the time to file § 523 or § 727 complaints, on motion of a party in interest, and after notice and hearing, only where the party in interest demonstrates cause. Leaving to one side the issue that the Court expressly treated the Objections to Discharge as a complaint at the November 20 hearing, not as a motion to enlarge time, the Court did not make a finding of cause under Rule 4004(b) or 4007(c).

[5] The same is true for an exception to discharge complaint under Rule 4007(c).

accompanied by the commencement of an adversary proceeding, the language of Rules 4004(a) and 4007(c) is clear. The failure to commence an adversary proceeding by the deadlines specified in Rules 4004(a) or 4007(c) does not violate the plain text of those rules. Second, the Court permitted the Plaintiffs to file an amended complaint in an adversary proceeding by December 4, and the Plaintiffs met that deadline. Therefore, the adversary proceeding should not be dismissed as untimely.

### B. Relation Back

Nelson next argues that the Plaintiffs' adversary complaint should be dismissed because it does not satisfy the relation back doctrine. While the Objections to Discharge was filed before the expiration of the deadline to file a denial of discharge complaint or a nondischargeability complaint under § 523(c), the adversary complaint was not. Therefore, in order for the adversary complaint to be considered timely filed, it must relate back to the Objections to Discharge. An amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."[6]

The relation back doctrine balances "the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits."[7] "[T]he test for relation back is whether 'the original pleading gives fair notice of the general fact situation out of which the claim or defense arises.'"[8]

---

[6] FED. R. CIV. P. 15(c)(1)(B), made applicable in adversary proceedings by FED. R. BANKR. P. 7015.
[7] *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 550 (2010).
[8] *Columbia State Bank, N.A. v. Daviscourt (In re Daviscourt)*, 353 B.R. 674, 683 (10th Cir. BAP 2006) (quoting *Maes v. Herrera (In re Herrera),* 36 B.R. 693, 694 (Bankr. D. Colo. 1984)). *Accord Stevelman v. Alias Research Inc.*, 174 F.3d 79, 86 (2d Cir. 1999) ("Under Fed. R. Civ. P.

Here, the original pleading is the Objections to Discharge, which is too threadbare by itself to give Nelson fair notice of the general fact situation out of which the Plaintiffs' claims arise. In fact, the Objections to Discharge does not allege any facts—it is a collection of legal conclusions, formulaic recitations of the elements of causes of action, and prayers for relief. The only way in which Nelson could have received fair notice of the general fact situation is through the reference to the state court case "filed in the Second Judicial District of Utah, Davis County, Farmington Department, with case number 120700355." The Plaintiffs did not attach the complaint filed in that state court case to the Objections to Discharge.[9] Therefore, in order for Nelson to have received fair notice through the Objections to Discharge, he would have had to know—merely by reference to that state court case—the facts that were alleged in the state court complaint.

The Court concludes that this reference was not sufficient to provide the kind of notice contemplated by Rule 15. Even if the relation back doctrine were satisfied, however, the Court would still dismiss the adversary complaint because it fails to state a claim upon which relief can be granted.

---

15(c), the central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations 'by the general fact situation alleged in the original pleading.'"); *Glover v. FDIC*, 698 F.3d 139, 146 (3d Cir. 2012) ("[I]t is well-established that the touchstone for relation back is fair notice . . . . Thus, only where the opposing party is given 'fair notice of the general fact situation and the legal theory upon which the amending party proceeds' will relation back be allowed."); *Meijer, Inc. v. Biovail Corp.*, 533 F.3d 857, 866 (D.C. Cir. 2008) ("The underlying question is whether the original complaint adequately notified the defendants of the basis for liability the plaintiffs would later advance in the amended complaint.").

[9] If the Plaintiffs had wanted to make the state court complaint a part of the Objections to Discharge, they should have attached it as an exhibit. *See* FED. R. CIV. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

C. *Rule 12(b)(6)*

Under Federal Rule of Civil Procedure 12(b)(6), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b), a plaintiff's complaint will avoid dismissal if it contains enough facts "to state a claim to relief that is plausible on its face."[10] Facial plausibility exists where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] Thus, a complaint must do more than raise a "sheer possibility that a defendant has acted unlawfully."[12] While Rule 8(a)(2) of the Federal Rules of Civil Procedure only demands a "short and plain statement of the claim showing that the pleader is entitled to relief,"[13] a complaint that merely makes "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" or "'naked assertion[s]' devoid of 'further factual enhancement'" will not pass muster under Rule 12(b)(6).[14] Where the facts in a complaint allow a court to infer no more than "the mere possibility of misconduct," the complainant has not met its burden to show that it is "entitled to relief."[15] In other words, the Plaintiffs must nudge their claims "across the line from conceivable to plausible" to survive Nelson's motion to dismiss.[16]

The Tenth Circuit Court of Appeals has stated that this new standard announced by *Twombly* and *Iqbal* represents "a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a

---

[10] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).
[12] *Id*.
[13] FED. R. CIV. P. 8(a)(2), made applicable in adversary proceedings by FED. R. BANKR. P. 7008(a).
[14] *See Iqbal*, 556 U.S. at 677–78 (citing *Twombly*, 550 U.S. at 555, 557).
[15] *Id*. at 679.
[16] *See Twombly*, 550 U.S. at 570.

7

formulaic recitation of the elements of a cause of action, which the [Supreme] Court stated will not do."[17]

When considering a motion to dismiss brought pursuant to Rule 12(b)(6), the Court must treat all well-pleaded allegations in the complaint as true, and must view them in the light most favorable to the plaintiff.[18] However, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[19]

While the Plaintiffs' adversary complaint alleges generally that Nelson's debts to the Plaintiffs should be excepted from discharge under § 523, it does not contain an allegation that Nelson violated a specific subsection of § 523. A charitable reading of the adversary complaint suggests that the Plaintiffs intended to allege causes of action under § 523(a)(2) and (a)(4). At the March 4, 2014 hearing, however, the Plaintiffs abandoned any claim under § 523(a)(2) and any claim for fraud or defalcation while acting in a fiduciary capacity under § 523(a)(4).[20] The Plaintiffs made clear that the only cause of action they intended to assert was one for embezzlement under § 523(a)(4).

For purposes of § 523(a)(4), embezzlement is "the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully

---

[17] *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)).
[18] *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 556 (10th Cir. 1999).
[19] *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)).
[20] The Plaintiffs also abandoned the state law claims that they had asserted in the adversary complaint. *See infra*, Part D.

come."[21] "The elements required to prove embezzlement are: (1) entrustment, (2) of property (3) of another (4) that is misappropriated (used or consumed for a purpose other than for which it was entrusted), (5) with fraudulent intent."[22] The fraudulent intent required for embezzlement "is not identical to the type required for actual fraud or fraudulent misrepresentation under § 523(a)(2). Rather, embezzlement requires '*animus furandi*' or intention to steal."[23] In addition, embezzlement "requires fraud in fact, involving moral turpitude or intentional wrong, rather than implied or constructive fraud."[24]

The Plaintiffs' claim for embezzlement is contained in all of three paragraphs: 197–99. Paragraphs 198 and 199 are labels and conclusions. Paragraph 197 incorporates by reference all preceding and subsequent paragraphs, as permitted by Rule 10(c). As a consequence, the Court will disregard the conclusory statements and must instead go hunting for allegations that could support a plausible embezzlement claim.

A thorough examination of the adversary complaint reveals that the Plaintiffs have not pleaded sufficient facts to state a plausible claim for embezzlement. The Plaintiffs allege that Nelson obtained an unauthorized loan on behalf of Canterbury, which he used, at least in part, to make an interest- and fee-free loan to corporate entities that he owned.[25] The Plaintiffs also allege that Nelson made a series of unauthorized loans to corporate entities that he owned on less

---

[21] *Hernandez v. Musgrave (In re Musgrave)*, BAP Nos. CO–10–049, 08–25165, 2011 WL 312883, at *5 (10th Cir. BAP Feb. 2, 2011) (citing *Klemens v. Wallace (In re Wallace)*, 840 F.2d 762, 765 (10th Cir. 1988)).
[22] *Id*. (citing *Tulsa Spine Hosp., LLC v. Tucker (In re Tucker),* 346 B.R. 844, 852 (Bankr. E.D. Okla. 2006)).
[23] *Chenaille v. Palilla (In re Palilla)*, 493 B.R. 248, 252 (Bankr. D. Colo. 2013) (citing 3 CHARLES E. TORCIA, WHARTON'S CRIMINAL LAW § 385 (15th ed. 1993) ("To constitute embezzlement, the property must generally be appropriated or converted with the intent permanently to deprive.")).
[24] *Hill v. Putvin (In re Putvin)*, 332 B.R. 619, 627 (10th Cir. BAP 2005) (quoting *Driggs v. Black (In re Black)*, 787 F.2d 503, 507 (10th Cir. 1986)).
[25] Docket No. 1 in Adv. No. 13-2478, ¶¶ 3–6, 35–41, 163.

than arm's-length terms. In particular, the allegations are that Nelson made at least two unauthorized loans from Canterbury to Benchmark Properties, LLC;[26] two unauthorized loans from Canterbury to Benchmark Real Estate Co.,[27] one of which was for the purchase and care of a horse; and other additional unauthorized loans from Canterbury for his benefit or the benefit of his affiliated entities.[28]

In addition, the Plaintiffs allege that Canterbury is owed $10,645.40 in a so-called "trade" that, upon information and belief, was for the benefit of Nelson or one of his affiliated entities.[29] Very few facts are provided about the trade. The Plaintiffs also allege that Nelson incurred an unauthorized debt, apparently on behalf of Canterbury, of $15,203.62.[30] No information is provided about when the debt was incurred or its purpose, but upon information and belief, the Plaintiffs allege the debt benefitted Nelson or one of his affiliated entities.

Assuming for the purposes of the motion to dismiss, as the Court must, that Nelson did make a series of favorable loans to entities he controlled, these allegations do not allow the Court to infer more than the mere possibility of misconduct. A favorable loan to an entity one controls, even without authorization, does not state a plausible claim for relief for embezzlement. In addition, the adversary complaint fails to allege that Nelson acted with fraudulent intent.

Moreover, the allegations regarding the loans are largely devoid of facts regarding the dates on which the loans were incurred, the initial amounts of the loans, and their terms. While there are some motes of information regarding the loans and other transactions, the Court concludes that the stark paucity of factual content regarding the loans and transactions evinces that the adversary complaint is a collection of naked assertions without the "further factual

---

[26] *Id.* ¶¶ 47–65, 86–90.
[27] *Id.* ¶¶ 66–76, 91–95.
[28] *Id.* ¶¶ 108–14.
[29] *Id.* ¶¶ 77–85.
[30] *Id.* ¶¶ 96–107.

enhancement" required to nudge the Plaintiffs' claims "across the line from conceivable to plausible."

The Court also does not overlook that the Plaintiffs were given a second chance to file a complaint that met the pleading standards of the Federal Rules of Civil Procedure. The Court treated Nelson's response to the Objections to Discharge as a motion for a more definite statement under Rule 12(e), which the Court granted. Even with this second chance, the Plaintiffs have not met the requisite pleading standards. The adversary complaint is a hodgepodge of broad accusations of wrongdoing and factual allegations and causes of action with little relevance to a § 523(a)(4) embezzlement proceeding. In essence, both the Objections to Discharge and the adversary complaint amount to little more than this accusation that the Plaintiffs level against Nelson: "You know what you did." This does not suffice. Because the Plaintiffs have not stated a facially plausible claim for embezzlement under § 523(a)(4), the adversary complaint must be dismissed.

  D. *Subject-Matter Jurisdiction*

Nelson next argues that the adversary complaint should be dismissed because the Court does not have subject-matter jurisdiction over the majority of the claims asserted therein. As the Plaintiffs acknowledge, the adversary complaint is a close facsimile of the complaint filed in state court. It therefore retains and asserts the following causes of action: (1) breach of fiduciary duty; (2) self-dealing; (3) formal accounting of Canterbury's business; (4) expulsion of member or in the alternative, dissolution; (5) repudiation; (6) determination of interests in real estate and partition of real estate; (7) wrongful distributions; (8) unjust enrichment; (9) possession of stolen property; (10) alter-ego; and (11) embezzlement.

At the March 4 hearing, the Plaintiffs clarified that it was not their intention to assert each of these causes of action before this Court. Instead, they included them in the adversary complaint to provide the background for their § 523 claims. The Plaintiffs then abandoned the first through the tenth causes of action, leaving only the embezzlement claim for adjudication before this Court. Nelson's subject-matter jurisdiction argument is effectively mooted by this abandonment, and the Court does not need to address it further.

### III.    CONCLUSION

The Court will dismiss the Plaintiffs' adversary complaint because it is untimely and does not relate back to the timely filed Objections to Discharge. The Court will also dismiss the adversary complaint because it fails to state a claim upon which relief can be granted. It is therefore unnecessary to address Nelson's motion to strike.

A separate Order and Judgment will be issued in accordance with this Memorandum Decision.

--------------------------------------------END OF DOCUMENT--------------------------------------------

_____ooo0ooo_____
## SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below.

Jonathan L. Jaussi
Matthew J. Morrison
FREEDOM LEGAL
P.O. Box 460
Payson, UT 84651
    *Attorneys for Plaintiffs*

George B. Hofmann
Melyssa D. Davidson
PARSONS KINGHORN HARRIS
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
    *Attorneys for Defendant*